Roy E. SIMOLIN as next friend of Cheryl K. SIMOLIN v. Nilla Jean WILSON et al

5-6057                                    487 S.W. 2d 603

Opinion delivered December 4, 1972
[Rehearing denied January 8, 1973.]

*Joe H. Hardegree* and *Daily, West Core & Coffman,* for appellants.

*R. Gary Nutter* and *James D. Emerson,* for appellees.

CONLEY BYRD, Justice. The appellant Roy E. Simolin as next friend of Cheryl K. Simolin appeals from an order granting a new trial after a jury verdict in his favor.

The record shows that Wayne Watkins Wilson was driving his 1966 Oldsmobile easterly on State Highway No. 8, one half mile west of Mena, Arkansas, in its proper lane of travel when the hood on a 1964 Cadillac, driven westerly by Cheryl K. Simolin, came loose causing the Cadillac to cross the center line and collide with the Oldsmobile. As a result of the collision, Wilson died. His widow, the appellee Nilla Jean Wilson as administratrix brought this action to recover damages for the alleged wrongful death of Wilson. Appellant defended, among other things, on the ground Wilson's negligence in operating his vehicle while under the influence of intoxicating liquor was a proximate cause of the collision.

In accordance with his defense, appellant in cross-examining State Policeman Hardaway showed that at the time of the accident he was required by state law to obtain a blood sample from Wilson and that he did obtain such blood sample. In accordance with his duties he filled out a form, Exhibit No. 2, showing when and where and from whom the sample was taken. He mailed the blood sample together with the form to the State Health Department. At one place in the record Officer

Hardaway testified that he obtained a blood sample. At another place he stated, "Yes, sir," in answer to the question: "You did take such a sample?" Exhibit No. 2 being the portion of the form filled out by Hardaway and the results of the chemical analysis of the alcoholic content of the blood as determined by the State Health Department was introduced over the objections of appellee as follows:

> "We object to the introduction of Defendants' Exhibit No. 2 for the reason that there has been no testimony as to who prepared this purported exhibit, or the conditions under which it was prepared. There has further been no testimony as to the conditions under which the blood sample might be taken, or might have been taken, nor by whom it was taken, if one was. We object further for the fact that it is completely irrelevant to the issues involved here today as to the causation of this accident."

The trial court in setting aside a jury verdict in favor of appellant found he committed error in permitting into evidence the results of blood alcohol tests performed on the deceased, Wayne Wilson and appellee's attorney timely and properly objected. The trial court also concluded that it committed error in giving Instruction No. 24 even though no objection was made thereto.

Appellant points out that before a trial court can set aside a verdict under the eighth section of Ark. Stat. Ann. § 27-1901 (Repl. 1962), the party making the application for a new trial must have objected to the error. He then argues that Exhibit No. 2 was admissible under Ark. Stat. Ann. §§ 28-907, 28-928, 28-929 or 28-932 (Repl. 1962), either as a record kept in the ordinary course of business or as a public document kept in the ordinary course of business. He also contends that every objection made by appellee was met by the qualifying proof or by the provisions of the above mentioned statutes.

Assuming without deciding that the State Health Department's record of the alcoholic blood analysis constitutes business records or public documents and that they would ordinarily be admissible under the above statutes, still we hold that appellee's objection that there was no showing by whom the blood sample was taken constitutes a valid objection and that the trial court erroneously admitted Exhibit No. 2 into evidence. The law requiring Officer Hardaway to take the blood sample, Act 106 of 1969, § 1 (c) (2) provides:

"When a person shall submit to a blood test at the request of a law enforcement officer under the provisions of this Section, only a physician or a registered nurse may withdraw blood for the purpose of determining the alcoholic content therein. This limitation shall not apply to the taking of breath or urine specimens."

We have found no proof in the record to show that the blood specimen examined by the State Health Department was withdrawn by a physician or a registered nurse.[1] Consequently, it follows that appellee's objection was valid and the trial court did not err in granting a new trial.

Since the trial court could properly grant a new trial under Ark. Stat. Ann. § 27-1901(8) for the erroneous admission of Exhibit No. 2, the question of whether an objection is necessary before Instruction No. 24 could be considered as an error on a motion for new trial is moot and will not likely arise on a new trial.

Affirmed.

GEORGE ROSE SMITH, J. dissents.

GEORGE ROSE SMITH, Justice, dissenting. In this court the appellant contends that the appellees did not

---

[1]Exhibit No. 2 indicated that "Jim Wood" took the blood sample. It does not show that Jim Wood is a licensed physician or registered nurse.

make any correct specific objection to the admissibility of Exhibit 2, the State Health Department's record of the blood alcohol test. In my opinion, the appellant's contention is well founded.

The majority refer only to that part of the appellees' objections which asserted that there was no showing by whom the blood sample was taken. That showing was in fact made, for Exhibit 2 contains this statement: "Sample Taken By Jim Woods." There was no objection in the trial court that Jim Woods was not shown to be either a physician or a registered nurse. Had that objection been made, the appellant would have had an opportunity to show whether Jim Woods was in fact qualified to take the blood sample. I think it unfair to sustain the trial court's award of a new trial upon the basis of an objection that was actually not made in the course of the trial.